OPINION of the Court, by
Ch. J. Boyie.
This was an action upon the case, in which the plaintiff charges-the defendants with having, contrary to law, erected a fish-dam in the Rolling fork, whereby the boat of the plaintiff, loaded with produce and destined for the market of New-Orleans, was obstructed in its descent down the said stream, and delayed so long that the water fell and continued so low as to be unfit for navigation that year.
The defendants notappearing, after the declaration was filed a writ of inquiry was awarded against them, and the jury found a verdict for S500. They then applied for a new trial, on the grounds, 1 st, of surprise and 2dly, of misdirection to the jury by the court. A new trial was granted, to which the plaintiff excepted, and the defendants having pleaded the general issue, a second trial was had; and a verdict being found for the defendants, judgment was thereupon entered, to which the plaintiff prosecutes this writ of error.
The only question is, whether the court below erred in granting a new trial ?
Wc do not think it necessary to inquire how far the award of the new trial could be sustained on the ground of surprise; because we aré of opinion it may well be; supported upon the ground that the court misdirected the jury. '
*503 It appears that the court directed the jury that the differences in the prices of the plaintiff’s produce in this country and at Natchez or New-Orleans, after a deduction for the risk, expense and trouble of transportation, was the criterion of damages which the plaintiff was entitled to recover. • "⅜
\ We do not understand that in a case of this kind the law has fixed a criterion of damages. In actions founded upon contract, the law has in general established a rule of compensation to which the plaintiff will be entitled, and the court may with propriety direct the jury in their finding to conform to such rule. ’ But in actions like the present, founded on tort, the law has fixed no precise criterion of damages, but has confided the measure of compensation to which the injured party, under all the circumstances of the case, may he entitled, to the discretion of the jury.l While on the one hand we could not say that the plaintiff in a case of this kind was entitled to recover only a mere indemnity for the actual loss he had sustained, we cannot on the other hand admit that as a matter of law he was entitled to the probable profit which he might have made by the sale of his produce at a distant market. Between the limits of actual loss and probable gain, the jury no doubt might have exercised their discretion with propriety, and they ought to have been permitted to indulge a latitude of inquiry equal to the latitude of their discretion.
The court therefore erred in directing the jury that the criterion of damages was the differences between the value of the plaintiff’s produce here and at Natchez or New-Orleans; and consequently did right in granting a new trial. *
Judgment affirmed with costs.